# FORD v. KENTON et al.

## No. 19,436; July 2, 1895.

### 40 Pac. 1031.

**Promissory Note—Forgery as a Defense.**—The fact that nothing was heard of a defense that an indorsement on a note was a forgery until the maker had absconded does not estop the party from asserting it, especially where there was evidence that he did not know that he was held liable until suit was commenced.

**Promissory Note—Defense to Liability as Indorser.**—In an action to hold one liable as an indorser, evidence that defendant was seventy-five years old, and unable to read or write; that he never authorized the indorsement, but only authorized his name to be written on an undertaking for a small amount, is sufficient to sustain a verdict that defendant did not indorse the note.

**Evidence. — The Reception of Inadmissible Evidence** over appellant's objection is not reversible error where it was afterward stricken out on appellant's motion.

**Pleading—Amendment.—Granting Leave to Amend Pleadings** at the trial will not be reversed except for abuse of discretion.

APPEAL from Superior Court, San Luis Obispo County; V. A. Gregg, Judge.

Action by Joseph A. Ford against Thomas Kenton and another on a note. Defendants had judgment and plaintiff appeals. Affirmed.

Wilcoxon & Bouldin and J. M. Wilcoxon for appellant; Graves & Graves for respondents.

BELCHER, C.—In October, 1892, A. Sittenfeld and O. Mandershied were partners, doing business at Paso Robles under the firm name of A. Sittenfeld & Co., and were indebted to numerous merchants in San Francisco in sums aggregating $8,900. They were in financial trouble, and desired an extension of time to pay their debts. To obtain such extension, they executed a promissory note for the full amount of said indebtedness, payable to the order of A. Sittenfeld, in four equal installments, in three, six, nine and twelve months. The payee indorsed and delivered the note to the representative of the San Francisco creditors, and he delivered it to the plaintiff. Before the note matured, the makers thereof failed and went into insolvency. In due time the plaintiff commenced this action against the defendants, Thomas Kenton and Henry Moody, to recover the amount due on the note, alleging that they were indorsers thereof, and as such liable for its payment. The defendants answered separately, and each denied that he ever indorsed the said note. The case was tried before a jury, and a general verdict was returned in favor of both defendants, and a special verdict to the effect that Kenton did not write the signature purporting to be his on the back of the note. Judgment was thereupon entered that the plaintiff take nothing by his action against the said defendants, from which, and from an order refusing to grant a new trial, the plaintiff appeals.

The grounds relied upon for a reversal are that the verdict was not justified by the evidence, and that certain errors in law were committed by the court in its rulings. As to Kenton's signature, there was positive evidence that it was a forgery. Kenton testified that he never signed, nor authorized anyone else to sign, his name on the back of the note, and never saw the paper until it was presented in court; and an expert witness as to penmanship testified that the signature

was not Kenton's.   No direct testimony to contradict this evidence was introduced by the plaintiff, and the only claim is "that this evidence, in the face of the fact that nothing was heard of such a defense until Sittenfeld, who procured the signature, had absconded, fails." But there was nothing even tending to show an estoppel, and there was proof that Kenton never knew he was held liable on the note until suit was commenced thereon. As to Moody's signature, it was proved that he was seventy-five years old, and unable to read or write even his own name, and that he never authorized his name to be written on the note, but only authorized it to be written on an undertaking for $80 or $90 which Sittenfeld was about to give to obtain an attachment against one Lilienthal. Under these circumstances, the judgment cannot be reversed for want of evidence to justify the verdict.

During the progress of the trial, numerous objections to evidence offered on behalf of defendant Moody were made by plaintiff, and the objections were overruled and exceptions reserved. Afterward, however, on motion of plaintiff, the evidence objected to was all stricken out. Conceding, therefore, that the rulings complained of were erroneous, still we fail to see that the plaintiff was in any way prejudiced by them.

At the conclusion of the evidence, counsel for defendant Moody asked leave to amend his answer by inserting the words: "Further answering, defendant avers that he did not sign his name to or indorse his name on the promissory note set out in the complaint." The amendment was allowed, over the objection of plaintiff, and this ruling is assigned as error. It is well settled that applications for leave to amend pleadings are addressed to the sound legal discretion of the trial court. They may be made at any stage of the case, and, whether granted or refused, the action of the court will not be disturbed on appeal unless a clear abuse of discretion appears. We fail to see any abuse of discretion in the action of the court here complained of. The judgment and order should be affirmed.

We concur: Searles, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.